GULF & CHICAGO RAILWAY COMPANY *v.* ABNER H. T. HARTLEY.

### [41 South. Rep., 382.]

EVIDENCE.  *Appeal.  Harmless error.  Trespasses after suit.*

In an action for trespass on land it is prejudicial error to permit plaintiff to testify to deterioration in value of the land resulting alone from trespasses committed after the suit was begun.

FROM the circuit court of Webster county.

HON. JOSEPH T. DUNN, Judge.

Hartley, the appellee, was plaintiff in the court below; the railway company, the appellant, was defendant there.     From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellee, Hartley, brought suit on November 23, 1904, for $3,000 damages on account of certain trespasses alleged to have been committed by appellant. upon his land between November 11, 1904, and November 23, 1904, the date of the beginning of the suit. The railroad company was, at the time of the alleged trespass, engaged in grading its line of railway, and in so doing crossed the premises of appellee and threw up an embankment thereon. The declaration charges that the entry was without legal right, without consent on the part of appellee, and over his protest.

According to the plaintiff's testimony, his damages were $750. The testimony of other witnesses varied, some estimating the damages as high as $2,000. The court below ruled that plaintiff might show damages suffered, in consequence of trespasses committed between the filing of the declaration on November 23, 1904, and January 5, 1905, the date of adjudication of an eminent domain proceeding offered in evidence and by which the railway company acquired the land. It was not shown, however, that any trespasses were committed after the filing of the declaration and before January 5, 1905. The trial court allowed the appellee to testify to a deterioration in the value of the land caused by the trespasses after the filing of the declaration and prior to January 5, 1905. The appellee recovered $1,500.

*May & Flowers,* for appellant.

Trespasses are alleged in the declaration to have been committed between the 11th and 23d of November, 1904. The declaration was filed on the latter date. Nothing was sued for except the damages committed between these dates. It was not attempted to charge in the said declaration any trespass committed after it was filed, as a matter of course.

The trial court treated the declaration just as if it had been filed January 5, 1905, instead of November 23, 1904, and permitted plaintiff to recover damages he had not sued for; permitted him to recover for whatever was done to the land prior to

the condemnation of January 5, 1905, although plaintiff had not sued for anything except for damages resulting from the trespasses between the 11th and 23d of November, 1904.

*Daniel & Adams,* and *A. F. McKeigney,* for appellees.

In passing on the question as to whether the ruling of the court below on objections to evidence was correct or not, appellate courts will not consider grounds of objection not urged in the court below.    When the ground of objection is specific, this court will consider no other.    8 Ency. Pl. & Pr., sec. 4, subd. bb, and authorities thereunder; *Doe* v. *Natchez Ins. Co.,* 8 Smed. & M., 197; *Monk* v. *Horne,* 38 Miss., 100; *Alexander* v. *Eastland,* 37 Miss., 554.

If the court below erred in its rulings it did not commit reversible error because the appellant was not prejudiced by an over-ruling mode.

The jury could have arrived at their verdict of $1,500 under the testimony, and not have allowed anything at all in the way of punitive damages, for the testimony varied on the question of actual damages, ranging from $750 up to $2,000.

WHITFIELD, C. J., delivered the opinion of the court.

There is no proof of any trespass committed after the filing of the declaration.    The ruling of the circuit judge, therefore, to the effect that plaintiff might show damages suffered in consequence of trespasses committed between the filing of the declaration and January 5, 1905, though erroneous, is not reversible error, so far as the proof of distinct trespasses is concerned.

But there is fatal error in the record in this: that the plaintiff was allowed to prove the deterioration in value in his property caused by the trespasses after the filing of the declaration and up to the 5th of January, 1905.    He was asked: "What was the damage and injury done you by reason of this alleged trespass to this barn and the premises, all of which, if any, by reason of this trespass from November 11, 1904, up to January

5, 1905; what was all of your damage or injury, if any?" This was objected to by defendant, the objection was overruled, and defendant excepted, and the witness answered: "The damage to this building and the land, etc., and the shape it left the property in, I should say it damaged the sale of the place $750, probably." And again he states that "the place would not have brought as much by $750 on account of the damage done to it." That is to say, the witness was manifestly allowed to testify to the deterioration in value suffered by the place by reason of trespasses committed after the filing of the declaration and up to the 5th of January, 1905. This was fatal error.

*Reversed and remanded.*